UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF )<br>OPERATING ENGINEERS, AFL-CIO, )<br>RICHARD D. DICKENS, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>LARRY M. BLANKENSHIP, d/b/a, )<br>BLANKENSHIP CONSTRUCTION CO., )<br>)<br>Defendant. ) | Case No. 4:08CV00171 RWS |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiffs' Motion for Default Judgment [#8].

This action arises pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. The named Plaintiff brings this action in a fiduciary capacity on behalf of several Taft- Hartley funds pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3). The named Plaintiff specifically seeks to enforce the terms of the ERISA plans pursuant to ERISA Section 502(a)(3)(B)(ii), 29 U.S.C. § 1132(a)(3)(B)(ii), including an audit and award of contributions owed. Pursuant to ERISA Section 515(g), Plaintiffs also seek interest, liquidated damages and attorneys fees.

This case was filed on February 5, 2008. Defendant Mearl L. Blankenship was served with a copy of the Summons and Complaint on or about February 16, 2008, as reflected in the records of the Clerk of Court. Defendant Larry M. Blankenship was served withe the Summons and Complaint on or about March 1, 2008. Default was entered by the Clerk on or about March 24, 2008.

*Background*

Blankenship Construction is a "doing business as" name of Defendants Larry M. Blankenship and Mearl L. Blankenship. Defendants are signatory to various Collective Bargaining Agreements with Local No. 513. Defendant Larry M. Blankenship signed a "Participation Agreement" as owner of Blankenship Construction on July 1, 2004, which obligated Defendants to comply with the terms of various trust documents establishing the Plaintiff Funds and to make monthly contributions. Defendant Larry M. Blankenship also signed an Owner-Operator Agreement with Local No. 513, which bound Defendant Larry M. Blankenship to the terms of the collective bargaining agreements and Trust Documents.

As recently as December 2006, Defendants submitted Contribution Report Forms to the Plaintiff Funds showing contributions due for the period of May 2006 through October 2006. Defendants submitted forms showing no employees for the months of November 2006 through March 2007. Defendants have failed to submit forms for the period of April 2007 to present.

Counsel For Plaintiffs contacted Defendant Larry M. Blankenship on behalf of Blankenship Construction in November 2007, demanding payment and forms. Counsel for Plaintiffs spoke with Defendant Larry M. Blankenship. During that conversation, Plaintiffs allege that Defendant Larry M. Blankenship confirmed that contributions were due for the period of April through June 2007 in the amount of approximately $4,000.00. Despite a request that Mr. Blankenship forward copies of Contribution Report Forms and payment, no forms have been submitted and no payments have been made.

*Analysis*

### **Right to Audit**

Because Defendant Larry M. Blankenship has admitted that contributions are owed for a period certain, but Defendants have failed to submit any forms, the full extent of any delinquency owed by Defendants cannot be known. Thus, part of the relief Plaintiffs seek is an order that Defendants submit to an audit.

The collective bargaining agreements establish Plaintiffs' right to an audit of Defendants. The Associated General Contractors, Site Improvement Association Agreement and Independent Agreement all provide:

> <u>The Employers agree to furnish to the Trustees of such Trust Funds upon request, such information and reports as they may require in the performance of their duties under the Agreement and Declaration of Trust</u>. The audit procedures shall be mutually agreed upon by the Trustees and the Association.
>
> The Trustees of such Trust Funds incorporated by reference in this Agreement have the authority to audit the appropriate records, deemed necessary by the above audit procedures, of any Employer no more often than once every three (3) years on a random basis. <u>The Trustees have the authority to audit those records of any Employer if they have evidence that such Employer is not making proper and timely contributions to said Funds at any time</u>. Written notice by certified mail from the Trustees requesting an audit shall be given to the Employer.

(emphasis added).

The Associated General Contractors Heavy and Highway Agreement provides:

> The Employers agree to furnish the trustees of each trust fund upon request such information and reports as the trustees may require in the performance of their duties under the Agreements and Declarations of Trust. The Trustees or any authorized agents or representatives of the trustees shall have the right at all reasonable times during the business hours to enter upon the premises of an Employer and to examine and copy such of the books, records, papers, and reports of the payrolls, only, of the Employer as may be necessary to permit the trustees to determine whether the Employer is fully complying with the provisions of Article XIV.

I find that Plaintiffs have the right to audit Defendants.

**Liability of Defendants**

The legal status of a business is a question of state law. In this case, Plaintiffs brought suit against Defendants in their individual capacities, "doing business as" Blankenship Construction. Mearl L. Blankenship signed a Fictitious Name Registration, but there is no artificial corporate entity. Also, each of the Agreements signed by Larry M. Blankenship was executed by Larry M. Blankenship in his capacity as "Owner."

Missouri Rule of Civil Procedure 55.14 provides that:

> When parties sue or are sued as a partnership, and the names of the partners are set forth in the petition or counterclaim, the existence of the partnership shall be deemed confessed unless it be denied by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Neither Larry M. Blankenship nor Mearl L. Blankenship has contested the allegation that Blankenship Construction is a "doing business as." Thus, both Larry M. Blankenship and Mearl L. Blankenship are liable on Plaintiffs' Complaint. Farmers Produce Exchange No. 202 v. Mudd, 671 S.W.2d 334, 335 (Mo.App. W.D. 1984) (citing Missouri Rule of Civil Procedure 55.14).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants submit Contribution Report Forms to Plaintiffs and that Defendants submit their records to an audit.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2008.